# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

RAUL PEREZ, JR.,                :
AIS 243870,
                                :
    Petitioner,
                                :
vs.                                     CA 08-0293-WS-C
                                :
WARDEN CUMMINS,
                                :
    Respondent.

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on petitioner Raul Perez Jr.'s Motion for Certificate of Appealability (Doc. 17). Based upon a thorough review of the motion and all other pertinent pleadings in this case, it is recommended that petitioner's request for a certificate of appealability ("COA") be denied.

Perez filed this habeas corpus petition on August 11, 2008 (Doc. 1, at

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

12) challenging the validity of his September 21, 2005 convictions in the Circuit Court of Baldwin County, Alabama for vehicular homicide, first-degree assault, and driving under the influence. Petitioner was sentenced, on October 17, 2005 to a five-year term of imprisonment for vehicular homicide and a concurrent life sentence under Alabama's Habitual Felony Offender Statute for first-degree assault. On October 10, 2008, the undersigned issued a Report and Recommendation that the petition be denied on the basis that Perez' claims[2] were procedurally defaulted because he failed to exhaust them in the state courts of Alabama and that he failed to establish cause and prejudice for his procedural default. (Doc. 13) Perez' objections to the report and recommendation (Doc. 14) were overruled by United States District Judge William Steele and judgment was entered denying the § 2254 petition based upon petitioner's failure to establish that his constitutional rights had been violated (Doc. 15). On November 14, 2008, Perez appealed (Doc. 16) and concurrent with the filing of his Notice of Appeal he filed his Motion for Certificate of Appealability (Doc. 17).

---

[2] Petitioner raised the following claims: (1) his convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) his convictions were obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant; (3) he was twice placed in jeopardy of life and limb; (4) his convictions were obtained by a grand or petit jury which was unconstitutionally selected and impaneled; and (5) denial of effective assistance of counsel at trial. (*See* Doc. 13, at 2-3)

Perez' motion for COA is governed initially by 28 U.S.C. § 2253(c)(1)(A), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" As recognized by the Eleventh Circuit in *Gonzalez v. Secretary for the Dep't of Corrections*, 366 F.3d 1253, 1264 (2004), "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition has been denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). The Supreme

Court has not left the courts in a void about how to apply the foregoing standard. Instead, the Supreme Court stated in *Slack* that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

In his two-page motion for certificate of appealability, Perez sets forth the basis for denial of habeas relief by this Court, once again lists his claims, and then generally contends that he is actually innocent and that his Sixth Amendment rights to a fair and impartial trial and to effective assistance of counsel were violated such that prejudice is clear. (Doc. 17) Petitioner makes no argument that this Court incorrectly invoked the procedural bar outlined in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) to dispose of his case. (*See id*.) Viewing the motion for COA and the report and recommendation through the prism of the standards outline in § 2253(c)(2) and *Slack* for issuance of a COA, the undersigned finds, for reasons stated in the report and recommendation, that reasonable jurists could not debate whether Perez' § 2254 petition should have been resolved in a different manner. Accordingly, it is recommended that petitioner's Motion for

Certificate of Appealability (Doc. 17) be **DENIED**.

**DONE** this the 2nd day of December, 2008.

    <u> s/WILLIAM E. CASSADY           </u>
    **UNITED STATES MAGISTRATE JUDGE**